142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo VAZQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70991.
I & NS No. Apj-lyr-uzt.
 United States Court of Appeals,
Ninth Circuit.
 .
Decided April 29, 1998.
Submitted** April 9, 1998.
 
 Petitioner to Review a Decision of the Immigration and Naturalization Service.
 Before GIBSON,*** SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodolfo Vazquez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which denied his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h) (1994). This court has jurisdiction over Vazquez's petition for review pursuant to 8 U.S.C. § 1105a(a).[1]
 
 
 3
 We review factual and credibility determinations under the substantial evidence standard. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Under this standard, we will reverse "only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The evidence must not only support but compel this conclusion. See Lopez-Reyes, 79 F.3d at 911.
 
 
 4
 Here, Vazquez argues that the BIA's finding that Vazquez failed to present a credible account of persecution is not supported by substantial evidence. Vazquez contends that he presented credible evidence that he was attacked and persecuted by the Institutional Revolutionary Party and, thus, established past persecution and a well-founded fear of future persecution. We disagree.
 
 
 5
 The BIA noted that Vazquez failed to include in his asylum application the critical fact that he returned to Mexico and lived there for five months in 1992 after living in the United States since July 1989. Instead, Vazquez reported on his asylum application that, after the alleged persecution occurred in July 1989, "I didn't return home and I decided to come to the United States to seek asylum." This omission was not minor. Cf. Berroteran-Melendez, 955 F.2d 1251, 1256-58 (9th Cir.1992) (petitioner's omission on his asylum application of the claim that his jaw was broken was not minor). Therefore, we conclude that the BIA, in relying upon this substantial inconsistency, provided a specific, cogent reason for disbelieving Vazquez's testimony regarding his genuine fear of persecution. See id. at 1256-58. This cited reason bore a legitimate nexus to whether or not Vazquez genuinely feared for his safety. See Aquilera-Cota v. INS, 914 F.2d 1375, 1381-82 (9th Cir.1990).
 
 
 6
 Accordingly, because Vazquez failed to present credible evidence demonstrating a genuine fear of persecution, he failed to satisfy the subjective component of the well-founded fear standard; therefore, he failed to establish eligibility for asylum. See Berroteran-Melendez, 955 F.2d at 1257-58. As Vazquez is not eligible for asylum, he similarly failed to meet with more stringent standard of proof, which requires a clear probability of persecution, for withholding of deportation. See id., at 1258. For the reasons set forth above, we affirm.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.Rule 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996's ("IIRIRA") judicial review and asylum provisions do not apply to this case because Vazquez's deportation proceedings had commenced as of IIRIRA's effective date. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009-612, 3009-625 (1996)